AXEL DEARBORN & another *vs.* WILLIAM H. KEMBLE & another.

Notes given to assignees of a debtor for work done by them under a contract by which they agreed to complete an unfulfilled contract of the debtor, cannot be reached and held by a creditor, upon a bill in equity, under Gen. Sts. *c.* 113, § 2.

MERRICK, J. This bill is brought under the provisions of the statute giving creditors, by proceedings in equity, the means and right of reaching, and applying to the payment of their debts, any property, legal or equitable, of the debtor within this state, which cannot be come at to be attached or taken on execution in a suit at law against him. Gen. Sts. *c.* 113, § 2. It first sets forth the indebtedness of one William Small to the plaintiffs, and then proceeds to allege that Small afterwards became insolvent and assigned all his property to the defendants, all of those parties then being resident in the state of New

York; that among the assets so assigned were certain notes of the People's Ferry Company, which were given to the defendants as his assignees, in part payment of the amount which was due from the makers thereof to him. This is the property which the plaintiffs seek to reach and apply to the payment of the debt due to them from Small.

The case comes before us and is submitted to the determination of the court upon the evidence reported and upon the statement of facts agreed to by the parties.

Upon all the facts thus mutually assented to by them, as proved by the evidence, it is manifest that this bill cannot be maintained. For upon these facts it appears that the notes referred to in the bill never belonged or were due to Small; that he never assigned them to the defendants; that they were not given in or towards payment of anything due to him; and that he did not furnish or have any interest in the consideration for which they were given by the Ferry Company.

It appears from the facts established by proof or by the admission of the parties, that at the time of the failure of Small, and of his assignment of his property to the defendants, there were subsisting contracts unperformed on his part, between him and the Ferry Company; and that there was then nothing due to him from, but that he was largely indebted to, that company. In this state of things the defendants, evidently hoping and expecting that they might be able to realize something, which they would be willing, in case of success, to apply for the benefit of the creditors of Small, entered into a written contract in their own names, but describing themselves as assignees, with the Ferry Company, by which they agreed to finish and complete several specified parts of certain boats of the company, for a particular and designated compensation. They afterwards fully performed their contract, and received of the company payment of the stipulated compensation, partly in money and partly in the notes referred to in the bill.

It is manifest, therefore, that these notes were not the property of Small, which could not be come at to be attached in a suit at law against him. They belonged wholly to the defendants.

The consideration for which they were given was furnished by them, and consisted of the debt due to them for services rendered in the performance of their contract with the company. It is wholly immaterial that they were enabled, by being assignees of Small, to make what has proved to be, as they probably expected it would, an advantageous bargain to them. But they were not bound or required, by accepting the assignment from Small, or by any stipulation or provision contained in the instrument of assignment, to make any such contract with, or render any such services for, that company; nor were they authorized thereby to do so either on account of Small or of his creditors. They acted, therefore, for themselves, and on their own responsibility. And if they chose voluntarily to appropriate any gains which were the result of their contract, or of services rendered, for the benefit of the creditors of Small — and this is all which can justly be deduced from the admissions of Kemble, one of the defendants, or which the evidence produced by the plaintiffs tends to prove — it certainly did not make the proceeds or avails of their contract his property, or render the notes given to them as their due liable to be seized or in any way applied or appropriated to any of his debts.

*Bill dismissed, with costs*

*D. Thaxter*, for the plaintiffs.
*F. A. Brooks*, for the defendants.